## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
|         Plaintiff | : | |
| vs. | : | NO.: 2:12-cv-02090-BMS |
| | : | |
| JOHN DOES 1 -15 | : | |
|         Defendants | : | |

### RULE TO SHOW CAUSE

AND NOW, to wit, this        day of                    , 2012, it is hereby ORDERED and DECREED that a Rule to Show Cause is hereby granted against the Plaintiff to show cause why the above-captioned matter should not be dismissed or severed against Defendant, John Doe 13, only or in the alternative a Rules to Show Cause why a Motion to Quash the subpoena against John Doe 13 should not be granted.

BY THE COURT:

_____
                                                    J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC                  :
              Plaintiff         :
vs.                                :    NO.: 2:12-cv-02090-BMS
                                   :
JOHN DOES 1 -15                    :
              Defendants        :

## ORDER

AND NOW, to wit, this        day of                        , 2012, it is hereby ORDERED and DECREED that the Motion to Quash is granted and Defendant, John Doe 13, is severed/dismissed from the above-captioned matter.

BY THE COURT:

_____
                                                  J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC           :
                Plaintiff  :
vs.                         :  NO.: 2:12-cv-02090-BMS
                            :
JOHN DOES 1 -15             :
                Defendants :

## MOTION TO DISMISS AND/OR SEVER COMPLAINT AGAINST DEFENDANT JOHN DOE 13 ONLY AND IN THE ALTERNATIVE MOTION TO QUASH SUBPOENA AGAINST JOHN DOE 13 ONLY

Counsel for Defendant, JOHN DOE 13, respectfully moves this Court for dismissal or severance of his case from the above-captioned matter, as well as a Motion to Quash Subpoena served on an internet service provider, hereinafter referred to as "ISP", seeking information about John Doe 13 and for a protective order regarding John Doe 13, only.

### I. PETITION FOR DISMISSAL OR SEVERANCE

1. Plaintiff has subpoenaed records from Comcast Corporation indicating that the assigned internet protocol address has been used through Comcast and that John Doe 13, among others, have all allegedly infringed copyright on the internet by uploading or downloading film product without permission.

2. This alleged improper action was allegedly done using a device assigned an IP address on March 2, 2012 at 10:53 GMT (Greenwich Mean Time).

3. The Court has Ordered Comcast to supply the name, address and other information to Malibu Media, LLC, as evidenced by the attached Subpoena.

4. The attempted means of discovery and joinder by Plaintiff has been held consistently throughout the federal courts as being inappropriate for numerous reasons and the

Courts have uninformly granted dismissal or severance when requested, because there has been no specific showing that Plaintiff has satisfied the test for permissive joinder in a single lawsuit pursuant to federal Rules of Civil Procedure 20.

5. The Courts have held that the fact that a large number of people may use the same method to allegedly violate the law does not authorize them to be joined as Defendants in a single lawsuit. Nassau Cnty. Assoc. of Ins. Agents, Inc. vs. Aetna Life & Casualty, 497 F.2d 1151, 1154 (2d Cir. 1974) Digital Sins, Inc. vs. John Does 1 – 245, United States District Court for the Southern District of New York, 11 Civ. 8170 (CM).

6. The plaintiff has not shown that this Court has In Personam Jurisdiction over John Doe 13 or any other of the Defendants named in the above-captioned action.

7. Although an IP locator may identify that the specific Defendant is possibly within the Philadelphia Area, it has been held that such IP locators are not 100% accurate and that there must be a showing that the specific Defendant is a citizen and resident of some State other then Pennsylvania.

II.  **MOTION TO QUASH**

As indicated earlier, this action has sought by means of immediate discovery, Rule 45 Subpoenas directed to non-party Internet Service Providers (ISPs) to obtain identifying information about subscribers to the named IP Addresses as a result of the alleged uploading and downloading of movie film product by each and every Defendant. Malibu Media, LLC vs. John Does 1-23, et al., CA 1:12cv159 through CA 1:12cv167.

WHERFORE, the Defendant, identified as John Doe 13, hereby respectfully moves this Court to dismiss or sever the above-captioned matter from the above-captioned action and in the alternative moves this Honorable Court to quash the subpoena against John Doe 13, only.

BY: _____
RONALD A. SMITH, ESQUIRE
Suite 355
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
(215) 567-1200

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| Plaintiff | : | |
| vs. | : | NO.: 2:12-cv-02090-BMS |
| | : | |
| JOHN DOES 1 -15 | : | |
| Defendants | : | |

**MEMORANDUM OF LAW**

As stated afore hand in the Motion, this case is, once again, an example of a mass copyright type of case filed in District Courts throughout the United States against the alleged wrongdoing by the uploading and downloading of copyrighted filed form the internet.

In this matter, Plaintiff has sued 13 John Doe Defendants without identifying names, addresses or any other identifying information.

In this case, similar to the cases stated in the Motion, there is no allegation that these cases have similar fact and circumstance patterns or that Defendants acted in concert with each other.

As indicated earlier, the Plaintiff is under a strict burden in this matter and cannot assert that the Defendants committed the same type of violation in the same way. By failing to satisfy this hurdler, permissive joinder under Federal Civil Procedure 20 is not authorized. Nassau Cnty. Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty, 497 F.2d 1151, 1154 (2d Cir. 1974) and Digital Sins, Inc. v. John Does 1 -245, United States District Court of the Southern District of New York, 11 Civ. 8170 (CM) (2012).

As stated aforesaid, the Courts throughout the United States, have consistently severed and/or dismissed the above mass copyright actions when requested and ordered the Plaintiff to file individual actions against individual defendants, instead of the mass litigation technique that

it has attempted to utilize. In re BitTorrent Adult Film Copyright Infringement Cases, CV 11-3995; 12-1147; 12-1150; 12-1154. Malibu Media, LLC vs. John Does 1 – 26, CV 12-1147; Malibu Media LLC v. John Does 1 – 11, CV 12-1150 and Patrick Collins, Inc. vs. John Does 1 – 9, CV 12-1154.

In this action, the Petitioner respectfully moves this Court to sever and/or dismiss the case against John Doe 13 and, in the alternative to quash the subpoena against John Doe 13.

BY: _____
RONALD A. SMITH, ESQUIRE
Suite 355
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 567-1200

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| Plaintiff | : | |
| vs. | : | NO.: 2:12-cv-02090-BMS |
| | : | |
| JOHN DOES 1 -15 | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, RONALD A. SMITH, ESQUIRE, do hereby certify that on May 31, 2012, I forwarded a true and correct copy of Motion to Dismiss and/or Sever Complaint Against Defendant, John Doe 13, only, and in the Alternative, Motion to Quash Subpoena Against John Doe 13, only to Christopher P. Fiore, Esquire, FIORE & BARBER, 425 Main street, Suite 200, Harleysville, PA 19438, by United States First Class Mail.

BY: _____
RONALD A. SMITH, ESQUIRE
Attorney for Respondent