IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
601 Market Street, Room 2609, Philadelphia, PA 19106

| | |
|---|---|
| MALIBU MEDIA, LLC | : CASE No. 2:12-cv-02090-BMS |
| Plaintiff | : |
| vs. | : MOTION TO QUASH OR MODIFY SUBPOENA |
| JOHN DOES 1-15, | : |
| Defendants. | : |

FILED
JUN 1 2 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MOTION TO QUASH SUBPOENA AND VACATE ORDER GRANTING PLAINTIFF LEAVE TO SERVE THIRD PARTY SUBPOENAS

One of the John Does in this case respectfully moves this Honorable Court for dismissal or severance of this case, as well as a Motion to Quash Subpoena served on an internet service provider, hereinafter referred to as "ISP", seeking information about John Does 1-15.

1. Plaintiff, Malibu Media, LLC ("Malibu Media") filed a Complaint on April 19, 2012 against 15 John Doe defendants alleging copyright infringement.

2. Malibu Media filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference on April 24, 2012.

3. The Order granting said motion was signed on April 25, 2012 and entered on April 25, 2012. 4. In its motion Malibu Media sought leave to serve subpoenas on the Internet Service Providers ("ISPs") of the 15 John Doe defendants seeking disclosure of each defendant's name, address, telephone number, email address and Media Access Control number.

# INTRODUCTION

To reduce costs while filing lawsuits and in effect suing as many individuals as possible, Plaintiff's counsel, Christopher Fiore is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent.

A number of decisions have been made by various states in regards to improper joinder lawsuits filled by Malibu Media, LLC.

In the Order & Report & Recommendation, Case 2:11-cv-03995, Honorable Judge Gary Brown on May 1, 2012, Document 39, Eastern District of New York, quoting the following excerpt:

> 1. That the complaints in *Malibu 26, Malibu 11 and Patrick Collins* be dismissed, *sua sponte* and without prejudice, as to all defendants other than the individual designated as John Doe 1 in each action;
>
> 2. That the complaint in *K-Beech* be dismissed, *sua sponte* and without prejudice, in its entirety; and
>
> 3. That plaintiffs and their counsel in all four actions be directed that any future actions of a similar nature in this district be filed as separate actions as against each John Doe defendant, so as to avoid unfair outcomes, improper joinder and waste of judicial resources, and to ensure the proper payment of filing fees. *See, e.g., DIRECTV, Inc. v. Armellino,* 216 F.R.D. 240, 241 (E.D.N.Y. 2003) (Spatt, J.) ("plaintiff is advised that all future claims of this nature must be instituted separately against individual defendants"), (citing *CSC Holdings Inc. v. Tack,* CV 00–3555 (E.D.N.Y. June 16, 2000) (Seybert, J.)).

In the Order & Report & Recommendation, Case 1:12-cv-00165-CMH-TRJ, Honorable Judge Thomas Rawles Jones, Jr, Eastern District of Virginia, Document 10, 4/3/2012, quoting the following excerpt:

> Accordingly, the magistrate judge recommends that all but the first of the Doe defendants in each of these matters be severed, and that plaintiffs then be permitted to serve discovery on these remaining defendants' internet service providers to learn their identities.

In 2:12-cv-02084, Malibu Media v. John Does 1-14, Document 9 Filed 06/05/12, a John Doe submitted a Declaration to Refute Information (Document 9) on the COMPLAINT (Document 1) against JOHN

DOES 1-14 on 04/19/2012, this document provides relevant information to this case regarding improper joinder, detailed explanation of BitTorrent and the utilization of unsecured Wi-Fi networks.

In similar cases to those filed by Malibu Media, LLC, K-Beech also has filed mass law suits in Pennsylvania, including a BitTorrent case nearly identical to this one. See K-Beech vs Does 1-78 case 5:11-cv-05060-BMD which has been dismissed by the Honorable Judge Berle M. Schiller against Does 2-78 on October 3, 2011.

Judge Berle M. Shiller writes in dismissal of Does 2-78, case A 5:11-cv-05060-BMD, quoting the following excerpt:
> Number of courts have held that using BitTorrent to download the same copyrighted work does "not mean that each of the defendants were engaged in the same transaction or occurrence." *On the Cheap, LLC v. Does 1-5011*, Civ. A. No. 10-4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011); *see also, e.g.*, Order, *W. Coast Prods., Inc., v. Does 1-535*, Civ. A. No. 10-94 (N.D. W. Va. Dec. 16, 2010). Furthermore, the Court has "broad discretion" under Rule 21 to sever parties. *Cooper v. Fitzgerald*, 266 F.R.D.86, 88 (E.D. Pa. 2010) (quoting *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . drop a party."); *BMG Music v. Does 1-203*, Civ. A.

Similar cases have also been dismissed, such as *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, and in this case the court notes before dismissal, quoting the following excerpt:
> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit, quoting the following excerpt:
> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011

> subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery, quoting the following excerpt:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23. *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

In a recent order (6 Sep 2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ*, due to improper joinder. Judge Zimmerman stated the following in his order, quoting the following excerpt:

> This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating.

## ARGUMENT

### 1) Plaintiff Has Improperly Joined 15 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff's joinder of 15 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted. quoting the following excerpt:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY),

*Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Plaintiff claims all of the Pennsylvania defendants are properly joined because they illegally downloaded/shared the film "Anneli Dream Girl" via BitTorrent. Plaintiff provided the Court Exhibit A to their Motion for Leave to Serve Third Party Subpoenas Prior To A Rule 26(f) Conference,

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

showing the IP addresses of the defendants and a specific "hit date (UTC)," it was observed illegally downloading/sharing the film. John Doe #14 (IP address 69.249.38.31) was the first instance of downloading/sharing by defendants identified by plaintiff's agents on 1/3/2012 at 15:29 Coordinated Universal Time (UTC). The last instance of downloading/sharing identified by Plaintiff's agents was on 3/15/2012, at 14:23 UTC, by John Doe #9 (IP address 64.121.141.103). Plaintiff incorrectly states the infringement was accomplished by the Defendants "acting in concert with each other." Exhibit A shows the timeframe of the activity, but not which IP addresses acted in concert. The nature of BitTorrent does not support Plaintiff's claim that All John Doe IP addresses acted together for the entire period of approximately three months.

The nature of BitTorrent is that the work in question is first made available to others BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, the swarm grows. Depending on how popular the work is, the swarm can grow fast, or not at all. Eventually as the popularity of the shared work drops, the swarm shrinks, and eventually disappears. IP addresses commonly join and leave various BitTorrent swarms at all times during the life of the torrent. Plaintiff's agent, IPP Limited, collected the data on John Doe IP addresses (Exhibit A of Document 1) and can verify the nature of BitTorrent, as well as provide details on who (if any) of the John Does IP addresses in this case truly shared the work between the other John Does IP addresses in this case.

In the January 2011 Technical Report: *An Estimate of Infringing Use of the Internet*, by *Envisional*[2] (a major company specializing in detecting and guarding against the threats of counterfeiting, piracy, fraud and online brand abuse), the following was noted for the single day analysis of BitTorrent use:

---

[2] http://documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf

For the 2.72 Million torrents identified, only .2% had 100 or more downloaders. 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one to nine downloaders. 45.2% had no active downloads. Envisional also noted that a similar spread of "seeders" (users with a complete copy of the work) were associated with the torrents. For 48.5% of the torrents, there were no seeders connected. (Page 9)

This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeder at any one instance.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel/and or other expenses, but that does not mean these well-established joinder principles need not be followed here.

## CONCLUSION

As a result of the foregoing, due to Plaintiff's willful and intentional violation of Federal Rules of Civil Procedure including joinder and discovery this Honorable Court should Quash Modify, or Vacate the subpoena approved by on 4/25/2012 for the defendants John Does 2-15, In addition, John Does 2-15 should be SEVERED from this action and DISMISSED without prejudice from this case. See Fed. R. Civ. P. 21.

Dated: 6/11/2012

Respectfully submitted,
s/*John Doe*
John Doe
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 6/11/2012, I served a copy of the foregoing document, via US Mail, on:

Fiore & Barber, LLC
425 Main Street, Suite 200
Harleysvillie, PA 19438

Dated: 6/11/2012                                Respectfully submitted,


                                                *s/John Doe*
                                                John Doe
                                                *Pro se*