**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------------------------X
                                                                 :
 MALIBU MEDIA, LLC,                                              :
                                                                 :    Civil Action No. 2:12-cv-02090-BMS
                        Plaintiff,                               :
                                                                 :
                vs.                                              :
                                                                 :
 JOHN DOES 1-15,                                                 :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR SEVER COMPLAINT AGAINST DEFENDANT JOHN DOE 14 AND <u>QUASH SUBPOENA AGAINST SAME</u>**

1

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR SEVER COMPLAINT AGAINST DEFENDANT JOHN DOE 14 AND QUASH SUBPOENA AGAINST SAME**

## I. INTRODUCTION

This Court should deny Defendant's Motion because Defendant should not be allowed to proceed anonymously without providing any identifying information. Further, Defendant has not provided a valid reason to quash the subpoena and joinder of the Defendants is proper. Recently this Court issued two opinions addressing the exact same issues in similar BitTorrent copyright infringement actions, holding that all Motions to Quash should be denied because Plaintiff's right to pursue its claim for copyright infringement outweighs any asserted rights to privacy by the Doe Defendants and that joinder of the Defendants was proper. See Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012); see also Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012).

Other Courts in the Third Circuit have reached similar conclusions. See K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) ("Plaintiff's interest in discovering Defendants' identities outweighs Defendants' interests in remaining anonymous. Accordingly, the Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered."); see also Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D. N.J. Jan 6, 2012) ("Plaintiff has also sufficiently alleged a central need for the subpoenaed information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim.")

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe

Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants. Doe 3 in the Arista case unsuccessfully argued he or she had a First Amendment right to remain anonymous which outweighed a Plaintiff's right under the Petition Clause of the U.S. Constitution to sue for copyright infringement. Additionally, the Second Circuit rejected Doe 3's assertion that the Supreme Court's heighted pleading standards as announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1337 (2009) made it impossible to plead a claim of infringement against an on-line anonymous infringer.

> [T]he Court finds that (a) the information sought in the subpoenas is relevant to the plaintiff's claims; and (b) under the circumstances, the plaintiff's right to pursue its claims of infringement by means of discovering subscriber information outweighs the moving defendant's asserted rights to remain anonymous in connection with the alleged infringing activity.

Id. at 5.

The online theft of Plaintiff's property greatly damages its business, products, and reputation. The phenomenon is pervasive in the adult movie industry. According to a Miami New Times survey, thirty two percent (32%) of respondents admit to illegally downloading their adult movies.[1] Accordingly, Plaintiff Malibu Media's motivation for bringing these suits is quite

---

[1] See http://business.avn.com/articles/video/Miami-New-Times-Releases-Sex-Survey-Results-447237.html

simply to hold the infringers liable for their theft and by so doing hopefully deter the future theft of its movies. If there was any easier way to stop the infringement, Nucorp would immediately pursue it.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis. Any such holding would be contrary to existing law and the express policy of Congress. In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that <u>consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement.</u> Congress found that 'copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies,' and cautioned that 'the potential for this problem to worsen is great.'

<u>Sony v. Tennenbaum,</u> 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).

## II. DEFENDANT SHOULD NOT BE ALLOWED TO PROCEED ANONYMOUSLY

Rule 11(a) requires that "[e]very . . . written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). "[I]t is impossible for any party or for the Court to communicate with the movant, John Doe, in this action. A party cannot litigate an action under such circumstances". <u>Malibu Media, LLC v. John Does</u>, 1-13, 12-cv-01156-JFB-ETB, at *3 (E.D. N.Y. Jun. 19, 2012) (Exhibit A). Here, Plaintiff has no way of identifying the defendant and neither Plaintiff nor the Court can communicate with Defendant in anyway.

4

The John Doe Defendant has failed to provide Plaintiff or the Court with sufficient information to identify him as a movant and lacks standing to file his or her motion.

The Eastern District of Pennsylvania has recognized that "[l]awsuits are inherently public events." Doe v. Megless, CIV. A. 10-1008, 2010 WL 3076256, at *2 (E.D. Pa. Aug. 5, 2010). See also Doe v. Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990) ("[L]awsuits are public events and the public has a legitimate interest in knowing the pertinent facts, including the true names of the parties"). "The public's right to know the true identity of the parties is concomitant with the right of public access to judicial proceedings and records." Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464 (E.D. Pa. 1997). While a court may allow a party to proceed anonymously, it may only do so in exceptional cases such as "if a case involves highly sensitive or personal matters, or if there is a concrete risk of injury . . . by disclosure." Doe v. Megless, 2010 WL 3076256, at *2. "That a [party] may suffer embarrassment or economic harm is not enough." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011).

To determine whether to grant a party anonymity, "the Court should weigh the private and public interests favoring pseudonymous litigation against the public interest in knowing the true identity of the parties." Doe v. Provident Life, 176 F.R.D. at 467. The factors that are in favor of anonymity are: 1) the extent to which the identity of the litigant has been kept confidential; 2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; 3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; 4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; 5) whether the litigant will pursue the case if he is publicly identified; and 6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. Id. at 468.

When considering the above factors, the public's interest in knowing Defendant's true identity outweighs the private and public interests that favor anonymity. First, Defendant has not demonstrated that he has made any effort to properly proceed anonymously in this case. A party must move this Court to enter a protective order "for good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Otherwise, a party may not proceed to litigate in federal court anonymously except in rare circumstances." Raw Films, Ltd. v. John Does 1-15, CIV. A. 11–7248, 2012 WL 1019067, at *8 (E.D. Pa. Mar. 26, 2012). Here, Defendant has failed to comply with court rules to file a motion to proceed anonymously in this action and has not proffered an adequate reason why he should be afforded permission to do so.

Second, Defendant's reason for withholding his identifying information is simply to avoid being targeted for his infringing downloads of Plaintiff's copyrighted movie. See Voltage Pictures, LLC, v. Does, 1-5,000, 10-cv-00873-BAH, at *6 (D. D.C. Feb. 24, 2011) (Exhibit B) ("The use of anonymity as a shield from copyright liability is not a motivation that warrants the protection from the Court").

Third, the public does not have a strong interest in protecting Defendant's identity. Protection is afforded to those who would otherwise be deterred from filing lawsuits; however, revealing Defendant's identity would not prevent others, who are like Defendant, from challenging a claim. See Doe v. Provident Life, 176 F.R.D. at 468 ("[P]laintiff's identity should be protected in order to avoid deterring people with mental illnesses from suing to vindicate their rights"). Indeed, in this case, allowing Defendant to proceed without any identifying material may have the opposite effect, opening the door for potential non-parties to file in the interests of promoting anti-copyright agendas.

6

Fourth, this case is highly fact sensitive as it involves allegations of Defendant illegally downloading and distributing Plaintiff's copyrighted movie. As such, "the public has more of an interest in knowing who makes [the] allegations than in a case where purely legal issues are involved." F.B. v. East Stroudsburg Univ., 09cv525, 2009 WL 2003363, at *3 (Jul. 7, 2009). See Voltage Pictures, LLC, v. Does, 1-5,000, 10-cv-00873-BAH, at *7-8 (D. D.C. Feb. 24, 2011) (Exhibit B) ("As a practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity").

Fifth, it is nearly impossible for Plaintiff to pursue this case if Defendant proceeds anonymously. Without Defendant's identifying information, Plaintiff cannot classify the infringing actions that correspond specifically to Defendant, nor can Plaintiff be certain that it is bringing an action against a proper party to this case. See Voltage Pictures, LLC, v. Does, 1-5,000, 10-cv-00873-BAH, at *3 (D. D.C. Feb. 24, 2011) ("In addition to the public interest in transparency concerning the lawsuits pending before the Federal courts, identification of the parties participating in these proceedings is necessary to protect the integrity of the process itself by enabling the presiding judge to determine whether recusal may be necessary"). It is nearly impossible to litigate this case without knowing Defendant's identification because it would inhibit both Plaintiff and this Court from communicating with Defendant.

Sixth, Defendant seeks anonymity to avoid being held to account for copyright infringement. Protecting Defendant's identity would frustrate the goals of judicial economy by precluding Plaintiff from pursuing its case on the merits. See Voltage Pictures, LLC, v. Does, 1-5,000, 10-cv-00873-BAH, at *7 (D. D.C. Feb. 24, 2011) ("[T]imely identification of the putative defendants would enable the copyright owner, the putative defendants and this Court to resolve the merits of the plaintiff's claim of copyright infringement").

7

This Court has recognized that the public nature of lawsuits create a legitimate interest in knowing the identities of the parties. See Doe v. Megless, 654 F.3d at 408 (stating "[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public"). For the reasons stated above, this Court should dismiss Defendant's motion because he failed to comply with court rules to proceed anonymously and the public's interest in knowing Defendant's true identity outweighs Defendant's privacy interests in continuing in this action anonymously.

### III.    JOINDER IS PROPER

Fed.R.Civ.P. 20(a) permits joinder when: (1) there is the "same transaction or occurrence" or (2) a "series of transactions or occurrences" or (3) claims upon which the Defendant asserts the right to relief jointly or "severally" against the Defendants. Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

Recently this Court, consistent with the above analysis, issued an opinion stating that joinder was proper because the claims against each Defendant are logically related and clearly contain common questions of law and fact.

> After considering the parties' filings in the present matter, we find that severance would be inappropriate at this time. Plaintiff's allegation that Defendants downloaded and shared the same file, were part of the same swarm, and are contributorily liable for each others' infringement is sufficient to establish, at this stage of the proceedings, that the claims against each Defendant are logically related and therefore arise out of the same transaction, occurrence, or series of transactions and occurrences. Further, Plaintiff's infringement claims against each Defendant clearly contain common questions of law and fact. While we recognize that each Defendant may later present different factual and legal defenses, that does not defeat the commonality that supports joinder at this stage.  Therefore, Defendant's motion to sever will be denied without prejudice.

Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG, *3 (E.D. Pa. May 7, 2012).

### A.  The Infringement Occurred Through a Series of Transactions

 "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

### i.     Series of Transactions Explained By the Michigan Court

Recently, Judge Randon in the Eastern District of Michigan properly analyzed the facts in a near identical case, expanding substantial effort to understand the allegations in the complaint and the applicable law.  Judge Randon summarized the plaintiff's allegation asserting that each Defendant copied the same piece of the same file as follows:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.
> By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012). Significantly, Judge Randon than explained that each Defendant obtained the piece of plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

> If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:
> 1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or
> 2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or
> 3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or
> 4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.
> In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

Id. Having limited the universe to four possibilities the court correctly concluded the transaction was logically related.

> Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same Movie, and 2) allow his or her own computer to be used in the infringement by other peers and Defendants in the same swarm.

Id.

The Honorable Mary McLaughlin addressed this exact issue in a similar BitTorrent copyright infringement action. Judge McLaughlin held joinder was proper because the claims

arise out of the same series of transactions. Raw Films v. John Does 1-15, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.

Id.

### ii. The Supreme Court Allows Joinder When The Defendants Do Not Directly Interact With Each Other

In United States v. Mississippi, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote. Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. Id. at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

Id. at 142. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the defendants to have directly interacted with each other defendant, or have shared a piece of the file with each and

11

every defendant when downloading the movie. The defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. In doing so, the Defendants all acted under the same exact system. Just as it was not alleged in United States v. Mississippi that the registrars shared with each other their efforts to prevent African Americans from voting, it is not necessary for the defendants to have shared the pieces of the movie with each other. It is sufficient that the defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### B. There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact. "The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012). The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

### C. Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable

Joinder is also proper when, as here, a plaintiff pleads joint and several liability. See Genetic Technologies Ltd. v. Agilent Technologies, Inc., 11-CV-01389-WJM-KLM, 2012 WL

1060040 (D. Colo. Mar. 28, 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a separate basis for joinder.")

Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative". In this case Plaintiff pled both joint and several liability.

> **Relief May be Sought "**Jointly**, Severally, or in the Alternative":** It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D. "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally. Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally." Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

### D. Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

This Court has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact

relevant on a later review of joinder's propriety." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

### E. The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here

Defendant cites various cases in an effort to avoid joinder.  Many of Defendant's cases rely heavily on unpublished orders from cases litigated by another law firm Steele Hansmeier with whom neither Plaintiff nor undersigned have any relationship.  Joinder was held improper in several of Mr. Steele's early cases because these cases were either formed incorrectly (plaintiff failed to use geolocation software to ensure that jurisdiction and venue are correct) or because plaintiff incorrectly combined multiple movies or swarms into one case.  This case does not suffer from any of those infirmities.

Some of the cases cited by Defendant, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit.  See (1) Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, see the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (2) Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, see the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (3) BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, see the Complaint at ¶¶ 4-19 & 23).  Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Here, all of the defendants infringed on one work by Plaintiff, within the same BitTorrent swarm.  As the Middle District of Florida states, "[t]he Court recognizes that each Defendant

may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC, at*12 (M.D. Fla. 2011).

Defendant's citation to LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) is also misplaced. In LaFace, eleven recording studios sued over dozens of copyrights. The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol. Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file. Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent. And, Plaintiff alleged that the Defendants were distributing the pieces to each other. Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other. Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants. This is yet another basis to hold that joinder is proper.

## IV. THE COURT SHOULD NOT QUASH THE SUBPOENA

This Court has determined that Plaintiff has established good cause to issue a Rule 45 subpoena on the Internet Service Providers to determine the Defendants identities. Doc. 4. Defendant has not provided a valid reason to quash the subpoena and his Motion should be denied.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 26th day of June, 2012

               Respectfully submitted,

               FIORE & BARBER, LLC

         By:  /s/ *Christopher P. Fiore*
             Christopher P. Fiore, Esquire
             Aman M. Barber, III, Esquire
             Attorneys for Plaintiff
             425 Main Street, Suite 200
             Harleysville, PA 19438
             Tel:  (215) 256-0205
             Fax:  (215) 256-9205
             Email:  cfiore@fiorebarber.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

              By:  /s/ *Christopher P. Fiore*